IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | Cr. No. CR-76-19 |
| ) | C/A No. 3:06-2363-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| A.E. Williamson, Jr., ) | |
| ) | |
| Movant. ) | |

This matter is before the court on A.E. Williamson, Jr.'s ("Williamson") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (West Supp. 2006). After a thorough review, the court dismisses the instant § 2255 motion as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 1976, Williamson pled guilty to bank robbery. Williamson was sentenced to twenty (20) years' imprisonment on January 5, 1977 ("1977 conviction"). Williamson did not appeal his conviction and sentence. On August 21, 2006,[1] Williamson filed the instant § 2255 motion, in which he asserts that the Government and the court breached his plea agreement in the 1977 conviction "by punishing him for Armed Bank Robbery, the gun and its conduct that the Government promised him 'could never be used against him by a court of law or anyone else.'" (Mem. Supp. § 2255 Mot. 11.)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

Dockets.Justia.com

## II. Discussion of the Law

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal prisoners seeking habeas relief have one year from the date their conviction becomes final to file a § 2255 motion. Section 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (West Supp. 2006). Williamson's 1977 conviction was final before the AEDPA became effective on April 24, 1996. See Pub. L. No. 104-132, § 105, 110 Stat. 1220 (codified as amended at 28 U.S.C. § 2255). Therefore, Williamson had until April 24, 1997, to file the instant § 2255 motion. See Mueller v. Angelone, 181 F.3d 557, 567 (4th Cir. 1999) (extending "the limitations period in [pre-AEDPA cases] for one year after the date of enactment, regardless of the date of accrual.") The instant § 2255 motion was filed on August 21, 2006.[2] Therefore, Williamson's claim is barred by the statute of limitations under § 2255(1).

In addition, Williamson's argument that the instant § 2255 motion is not time-barred under § 2255(4) because he only discovered his claim on September 2, 2005, when the court entered a judgment denying Williamson's § 2255 motion challenging an unrelated May 22,

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

2

2002, conviction ("2002 conviction") is wholly without merit.  See United States v. Williamson, No. 8:05-1494-HMH (D.S.C. Sept. 1, 2005).  Based on the foregoing, the instant § 2255 motion is time-barred.  Further, "it is indisputably clear from the materials presented to the district court that the [motion] is untimely and cannot be salvaged by equitable tolling principles . . . ."  Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Therefore, it is

**ORDERED** that Williamson's § 2255 motion is dismissed.  It is further

**ORDERED** that Williamson's motion to conduct discovery, docket number 2; motion for leave to proceed in forma pauperis, docket number 3; and motion to appoint counsel, docket number 4, are dismissed as moot.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
August 29, 2006

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.