IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | C.A. No. 3:06-2363-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| A. E. Williamson, Jr., | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on A. E. Williamson, Jr.'s ("Williamson") pro se "motion requesting court records furnished indigent petitioner without cost for appellate review." This court construes pro se motions liberally, and such pro se motions are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The court construes Williamson's motion as one for records at the Government's expense. Williamson seeks court records related to his 1977 conviction for bank robbery. On July 13, 1976, Williamson pled guilty to bank robbery. Williamson was sentenced to twenty (20) years' imprisonment on January 5, 1977. Williamson did not appeal his conviction and sentence. On August 21, 2006, Williamson filed a 28 U.S.C. § 2255 motion, challenging his 1977 conviction. The court dismissed Williamson's motion as time-barred. The Fourth Circuit denied Williamson's request to appeal. Williamson filed a Rule 60(b)(4) motion on July 24, 2007, alleging that the 1977 conviction was void because the court lacked subject matter jurisdiction. The court denied this motion on August 8, 2007. Williamson filed a notice of appeal on November 29, 2007.

A prisoner who requests free copies of records in his or her criminal case, whether it is a state case or a federal case, must show a particularized need for such records. Jones v.

1

Superintendent, Va. State Farm, 460 F.2d 150, 152-153 (4th Cir. 1972), reh'g granted, 465 F.2d 1091, 1094 (4th Cir. 1972) (adhering to prior opinion and denying rehearing en banc); Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975) (applying Jones to federal prisoner). Williamson alleges that the records would show that the federal insured status of the bank was not submitted into evidence. (Williamson's Mot. Transcripts 2-3.) Williamson is again attempting to attack his 1977 conviction. However, the court denied Williamson's § 2255 motion as time-barred. Further, "[a] defendant who pleads guilty . . . admits all of the factual allegations made in the indictment." United States v. Gosselin World Wide Moving, N.V., 411 F.3d 502, 515 (4th Cir. 2005) (internal quotation marks omitted). The indictment clearly states that the bank Williamson pled guilty to robbing was federally insured.

In addition, Williamson alleges that the court lacked subject matter jurisdiction because the indictment was defective because it "never charged him under 18 U.S.C. § 2113(f) as required to confer subject matter jurisdiction . . . ." (Williamson's Mot. Transcripts 3.) 18 U.S.C. § 2113(f) (2000) states that

> the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978), and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

The indictment states that the bank was "insured by the Federal Deposit Insurance Corporation." (Williamson's § 2255 Mot. Ex. 1 (Indictment).) "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future

prosecutions for the same offense." <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974). The indictment in this case was sufficient. Therefore, the court had subject matter jurisdiction over Williamson's 1977 conviction. Moreover, Williamson has a copy of the indictment for his 1977 conviction. Based on the foregoing, Williamson has not shown a particularized need for the records. Therefore, Williamson's motion is denied.

It is therefore

**ORDERED** that Williamson's motion, docket number 27, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 5, 2008

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.